**SCHEDULING CONFERENCE FORM**
**LITIGATION PLAN/ALTERNATE DISPUTE RESOLUTION OPTIONS**

This form may assist you in submitting a proposed scheduling time-frame for your case. Plaintiff's counsel should contact all parties and discuss the Litigation Plan, and should the parties stipulate to the dates proposed, only ONE Plan needs to be returned to the Court.

**This Scheduling Conference/Litigation form is to be filled out and filed with the Court no later than one week prior to the scheduling conference.**

CASE #:_____   NATURE OF SUIT:_____

CASE NAME:_____

PARTY SUBMITTING PLAN:_____

[  ] Plan has been stipulated to by all parties

[  ] Plan has not been stipulated to, but is submitted by:

ATTORNEY / FIRM:_____

REPRESENTING:_____

**I. TRIAL TRACK**: Indicate the track that best fits your case. (Designation of a track is not binding but will assist the Court in assessing its workload and selecting a trial date and discovery schedule that meets counsel's needs.)

[  ] **Expedited Track** (Typically, cases on this track will get a trial date in 6 to 9 months; take 4 days or less to try; involve limited discovery; and have no, or limited expert testimony.)

[  ] **Standard Track** (Typically, cases on this track will get a trial date in 12 months; take about 5-10 days to try; and have about one or two experts per side.)

[  ] **Complex Track** (Typically, cases on this track will get a trial date in 18-24 months; take 10 days or more to try; involve extensive discovery with staggered discovery schedules; and have extensive expert testimony.)

[  ] **Legal Track** (Cases on this track involve legal issues which are likely to be resolved by motion rather than trial. A motion hearing will be set, but no trial date will be set until it is clear that the case cannot be resolved by motion.)

**II.  DISCOVERY PLAN**   (*Rule 26(f)(2) requires the parties to meet and confer for the purposes of outlining and/or agreeing to a discovery plan, including issues related to discovery of electronically stored information, if either party contemplates such discovery, for discussion with the Court at the time of the scheduling conference.*)

A.  INITIAL DISCLOSURES TO BE EXCHANGED NO LATER THAN:_____

B.  NUMBER AND LENGTH OF DEPOSITIONS (*Local Rule 30.1 requires the parties' agreement or*

*authorization by the Court if a party requests more than ten depositions or to spend more than seven hours conducting any deposition*.)

Plaintiff(s): _____

Defendant(s): _____

**III.  LITIGATION PLAN**   (*Judge Bush prefers that parties anticipate the amount of time needed to complete discovery, set deadlines for discovery and for filing dispositive motions.*)

A.  JOINDER OF PARTIES & AMENDMENT OF PLEADINGS CUT-OFF DATE: _____

B.  FACTUAL DISCOVERY COMPLETION DATE: _____

C.  EXPERT TESTIMONY DISCLOSURES: (Local Rule 26.2 (b))

Plaintiff to identify and disclose expert reports by: _____

Defendant to identify and disclose expert reports by: _____

Plaintiff to identify and disclose rebuttal expert reports, if any, by: _____

ALL discovery relevant to experts shall be completed by: _____

D.  DISPOSITIVE MOTIONS FILING CUT-OFF DATE: _____

E.  TRIAL DATE – The trial date will not be set until after completion of dispositive motions or unsuccessful ADR.  At that time, a status conference will be held and a trial date will be set.  This will be a first setting and is generally 60-120 days from the date of the status conference.

**IV.  ALTERNATE DISPUTE RESOLUTION OPTIONS**

Pursuant to Local Rule 16.5, the parties must meet and confer about (1) whether they might benefit from participating in some form of ADR process, (2) which type of ADR process is best suited to the specific circumstances in their case, and (3) when the most appropriate time would be for the ADR session to be held.

Check Preference:

☐      MEDIATION (General Order No. 130) (Local Rule 16.5)
☐      SETTLEMENT CONFERENCE (Local Rule 16.4)
☐      ARBITRATION (General Order No. 92) (Local Rule 16.5)
☐      OTHER _____

**ADR to be held by:** _____

Regardless of whether the parties choose mediation, a judicially-supervised settlement conference, arbitration, or some other form of ADR, the Court strongly encourages the attorneys to schedule ADR early in the proceedings and in advance of the filing of dispositive motions so as to reduce the cost of litigation for their clients.

COUNSEL:

Enclosed please find a Scheduling Conference/Litigation Plan Form for the Telephonic Scheduling Conference set before Judge Bush.  Listed below are instructions that counsel shall follow:

- **Plaintiff shall send a copy of this Notice and Litigation Plan to all counsel/parties not listed on the Court's Certificate of Mailing.  Upon service of the Defendant(s); Plaintiff shall contact Judge Bush's Courtroom Deputy, Lynette Case, at (208) 334-9023.**

- **If the date and time set for the Scheduling Conference is not acceptable to any party, the parties are to, first, meet and confer; second, agree on alternate dates to conduct the Scheduling Conference; and third, contact Judge Bush's Courtroom Deputy, Lynette Case, at (208) 334-9023 to reschedule.**

- **If an agreement absolutely cannot be reached on the Litigation Plan, each party shall then file its own Plan by the due date, indicating the areas of disagreement.**

- **The Litigation Plan SHALL be filed with the Court at least one week before the Scheduling Conference.**

- **Pursuant to Local Rule 16.5, counsel/parties are required to discuss the merits of mediation, a judicially-supervised settlement conference, or arbitration with their clients and each other prior to the Scheduling Conference.**

- **Local Rule 73.1 allows for the assignment of civil cases to a magistrate judge upon the consent of the parties.  Before a magistrate judge can exercise jurisdiction over a civil case, all parties must sign a written consent to proceed before the magistrate judge.  The Notice of Availability of a United States Magistrate Judge and Consent Form can be accessed at:  http://www.id.uscourts.gov/docs/NoticeAvailabilityMag.pdf .  Consents may be emailed  to:** consents@id.uscourts.gov

- **For information on types of ADR available, call  Susie Boring-Headlee at 208-334-9067, the Alternative Dispute Resolution Director.**

If I may be of assistance, please feel free to contact me at (208) 334-9023.

Sincerely,

/s/
Lynette Case
Deputy Clerk